# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

TASHIA KNICKERBOCKER, BARBARA WINSTEAD and CRAIG AUSTIN SIKES, individually and on behalf of all others similarly situated,

                   Plaintiffs,

-*vs*-

ANDREW J. DICK,

                   Defendant.

DECISION AND ORDER

19-CV-6231-CJS

## APPEARANCES

For Plaintiffs:
    Alexander Jerome Douglas, Esq.
    Douglas Firm, P.C.
    36 West Main Street Suite 500
    Rochester, NY 14614
    (585) 703-9783

For Defendant:
    Ronald A. Giller, Esq.
    JoAnna M Doherty, Esq.
    Gordon & Rees LLP
    18 Columbia Turnpike Suite 220
    Florham Park, NJ 07932
    (973) 549-2500

## INTRODUCTION

**Siragusa, J.** This Fair Debt Collection Practices Act ("FDCPA") case is before the Court on Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Motion to Dismiss for Failure to State a Claim, Jun. 6, 2019, ECF No. 7. For the reasons stated below, the application is denied.

## BACKGROUND

Plaintiffs filed what they labeled a class action complaint in this Court alleging that defendant Andrew J. Dick, Esq., an attorney practicing in Rochester, New York, is a debt

collector pursuant to the FDCPA, 15 U.S.C. § 1692, and that he violated provisions of the FDCPA in the course of collecting a debt owed to Clearview Farms, LLC. Defendant contends that he does not meet the definition of a debt collector in the FDCPA because he is in-house counsel for Clearview Farms, LLC, and was acting as its agent to collect the debt allegedly owed by Plaintiffs.

## STANDARD OF LAW

The general legal principles concerning motions under Rule 12(b)(6) are well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-

2

specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "The application of this 'plausibility' standard to particular cases is 'context-specific,' and requires assessing the allegations of the complaint as a whole." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).

Regarding the Court's reliance on papers outside the pleadings, the Second Circuit has ruled that, "Relying on Rule 10(c),… the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

**ANALYSIS**

If Defendant is not a debt collector under the FDCPA, then Plaintiffs' action is a nullity. Therefore, the Court will concentrate on this legal argument. In doing so, the Court will rely on the letters sent by Defendant to Plaintiffs. *ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("we may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference"). The letters are specifically addressed in the complaint. Compl. ¶¶ 19, 23, 25, 32, 34, 53, 57, 58, 72, 73, 75, 91, 95, & 97. Thus, although the letters are not attached to the complaint, they are incorporated in it by reference. Defense counsel has provided copies the

3

twelve letters. Redacted Exhibits, Jun. 7, 2019, ECF No. 8. Each letter is written under the following letterhead:

>Clearview Farms LLC
>Office of In House Counsel
>301 Exchange Blvd.
>Rochester, NY 14608
>(585) 232-1760, ext. 154
>(585) 232-5846 – fax (not for service)

Exhibits, ECF No. 8. Each letter begins with this paragraph: "I am in house counsel for Clearview Farms LLC. Your past due account has been assigned to me for collection and/or possible legal action." Each letter also contains this demand: "Upon immediate receipt of this letter, please send full payment to Clearview Farms LLC to the above address. We also accept Visa and Mastercard, with a 3% fee." *Id.*

Notwithstanding Defendant's statements in the letters, Plaintiffs argue that the Court is bound to accept as true their allegations that Defendant is not an employee of Clearview Farms, LLC. They argue:

> Plaintiffs specifically allege that Mr. Dick "regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another," and that his primary business is debt collection. *Id.*[1] For the purposes of the motion to dismiss, the Court should accept these allegations as true.

Pl.s' Mem. of Law 10, Jul. 1, 2019, ECF No. 11. They also cite to several lawsuits in Monroe County, New York, which Defendant has filed on behalf of residential property owners that are not Clearview Farms, LLC. *Id.* Defendant addresses this argument in his reply memorandum, arguing that: "This position is as implausible as it is unfounded, and Plaintiffs marshal no authority in support of it because there is none." Def.'s Reply Mem.

---

[1] Referring to Complaint ¶ 9.

4

of Law 6–7, Jul. 22, 2019, ECF No. 12 (footnote omitted).

> The FDCPA defines creditor and debt collector as follows:
>
> (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another….
>
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 USCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
>     (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor….

15 U.S.C.S. § 1692a(4) & (6)(A) (LexisNexis, Lexis Advance through Public Law 116-47, approved August 21, 2019). In *Britton v. Weiss*, No. 89-CV-143, 1989 U.S. Dist. LEXIS 14610 (N.D.N.Y. Dec. 7, 1989) the district court noted:

> The definition of "debt collector" does not include a creditor collecting its own debts so long as the employee acting on behalf of the creditor does not indicate that the employee works for a third person. Similarly, even though an employee of the creditor regularly collects debts owed to another (*i.e.*, the employer/creditor), the employee is not a "debt collector" so long as the employee acts "in the name of the creditor." *See* 1977 U.S. Code Cong. & Admin. News 1695, 1698 ("The term debt collector is not intended to include 'in-house' collectors for creditors so long as they use the creditor's true business name when collecting."). Conversely, the employee becomes a "debt collector" when he does not act "in the name of the creditor." *Kempf* [*v. Famous Barr Co.*], 676 F. Supp. [937] at 938–39 [(E.D. Mo. 1988).

*Britton*, 1989 U.S. Dist. LEXIS 14610, at *5. The Court is persuaded that if Defendant here was acting as an agent of the creditor, and did not misrepresent that he was

5

collecting a debt for a third party, then the FDCPA definition of "debt collector" would not apply to him. However, Plaintiffs are relying on an established principle in adjudicating a motion to dismiss: The Court must accept the allegations in the complaint as true. Notwithstanding that enshrined principle, as with most rules there is an exception.

The Southern District remarked in *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179 (S.D.N.Y. 2000):

> The amended complaint relies exclusively on statements contained in two documents, a July 24, 1998 Washington Post article and the Prospectus. Plaintiffs' decision not to attach either of these documents to the amended complaint puzzles and concerns this Court. This Court must carefully consider both of these documents, as they form the basis of the claim. *See Sazerac Company, Inc. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) (citations omitted) ("In the event that a plaintiff alleges a claim based on a written instrument, as is the case here, the court may consider such an instrument in ruling on a Rule 12(b)(6) motion even if it was not attached to the complaint and made a part thereof…."). *If these documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint.* See *id.*

*Rapoport*, 88 F. Supp. 2d at 184 (emphasis added). The district court in *Sazerac Company v. Falk*, cited above, relied on a Second Circuit decision in which the Court of Appeals stated: "Since the documents upon which appellants based their claim show on their face absence of any grounds for relief, dismissal was proper." *Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981). Therefore, the Court is persuaded that it may disregard the principle of accepting as true every allegation in the complaint *if* the documents upon which the claims rely show that the allegations cannot be true.

Plaintiffs allege that Andrew J. Dick, Esq., is *not* an employee of the creditor. Compl. ¶ 8. If that claim is true, then Plaintiffs are essentially alleging that the letters were a ruse to avoid the implications of the FDCPA and that Defendant disguised his debt collection business by pretending to be acting merely as an agent of the creditor. Plaintiffs'

6

allegation in this respect is made on information and belief, but the source of the information, and basis for the belief, is not revealed in the complaint. Plaintiffs merely state their opinion that Defendant is really in the debt collection business and not acting as Clearview's agent.[2]

Although the twelve letters here imply Defendant works for Clearview Farms, LLC, as its in-house counsel, Plaintiffs' further allegations in the complaint raise a question of fact concerning that implication:[3]

> 28. In 2018, DEFENDANT filed at least forty (40) lawsuits in Monroe County Supreme Court, virtually all of them asserting damages against tenants of various residential property entities.
>
> 29. In 2018, DEFENDANT filed several dozen lawsuits in Rochester City Court, virtually all of them asserting damages against tenants of various individual landlords and residential property entities.

Compl. ¶¶ 28–29. Such factual allegations plausibly allege that Defendant was in the business of collecting debts, and that his use of "in-house" counsel letterhead was meant to avoid the implications of the FDCPA. There is not a dispute that Plaintiffs have plausibly alleged that Defendant failed to include necessary information required by the FDCP. Plaintiffs' complaint is sufficient to withstand dismissal at this stage and open the door to

---

[2] Although during oral argument of the motion Defendant's counsel represented that Andrew Dick was a salaried employee of Mark IV Construction, and that Mark IV Construction paid all the employees of Clearview Farms, LLC, that information is not considered on this motion as it is not part of the pleadings. The complaint alleges that Defendant is not employed by Mark IV Construction Co, Inc., a/k/a Mark IV Enterprises. Compl. ¶ 8.

[3] Because the Court considers the letters as part of the complaint, it finds that the complaint sets up a contradiction. The letters show Defendant *is* an employee of Clearview Farms, LLC, and the paragraphs in the complaint assert just the opposite. The Federal Rules do not provide a mechanism for resolving factual conflicts raised by a complaint.

discovery on their claim that Defendant is a debt collector and not actually employed by Clearview Farms, LLC.[4]

## CONCLUSION

For the reasons stated above, Defendant's application to dismiss the case for failure to state a cause of action, ECF No. 7, is denied.

DATED:	September 16, 2019
	Rochester, New York

	/s/ Charles J. Siragusa
	CHARLES J. SIRAGUSA
	United States District Judge

---

[4] However, it was apparent during oral argument that Defendant maintains that there is no question that he is a salaried employee of Mark IV, which owns Clearview Farms and who pays the employees of Clearview Farms by checks drawn on its account. The Court reminds counsel of the obligations imposed by Federal Rule of Civil Procedure 11.